**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:26-cv-05425-SKC

MOHAMMED JUNAEID HOSSAN PARBAS *et al.*,

Plaintiffs,

v.

HUIONE GLOBAL, LTD. *et al.*,

Defendants.

---

## ORDER MODIFYING TEMPORARY SEALING ORDER

---

On October 29, 2026, the Court entered an Order Granting in Part and Denying in Part Plaintiffs' Motion for *Ex Parte* Temporary Restraining Order, Order Freezing Assets, and Other Ancillary Relief (Dkt. 13) (the "Asset Freeze Order") and entered an Order Granting Plaintiffs' Emergency Motion for an *Ex Parte* Order to Temporarily File Under Seal the Complaint and All Papers Filed Therewith (Dkt. 14) ("Sealing Order"). The Sealing Order temporarily sealed this case in its entirety, while permitting Plaintiffs to serve the Asset Freeze Order on cryptocurrency exchanges and issuers of cryptocurrency, and directing Plaintiffs to promptly move to lift the seal after the asset freeze has been effectuated.

On November 3, 2026, after a hearing, the Court indicated its intention to extend the Asset Freeze Order and the Sealing Order, the former beyond the November 12, 2026, date on which it is currently set to expire.

Plaintiffs have now filed an Emergency Motion for Modification of the Sealing Order to allow the cryptocurrency exchanges listed in the Asset Freeze Order to share, with customers affected by the Asset Freeze Order, the Asset Freeze Order in redacted form, without disclosing the case name, the names of the other third parties at issue, or any other information that could reasonably be used by such customers to identify other assets that could be subject to dissipation and noting, among other things, the prejudice to cryptocurrency exchanges and their customers from the case remaining fully under seal for additional time.

The Court has considered the Motion. The Court finds that there is good cause to modify the Sealing Order to permit cryptocurrency exchanges including Binance to share redacted copies of the Asset Freeze Order with customers affected by that Order. Accordingly, Plaintiffs' request is **GRANTED**.

* * *

**IT IS ORDERED** that the Sealing Order (Dkt. 14) is hereby modified to permit cryptocurrency exchanges including Binance to share with affected customers the Asset Freeze Order in redacted form, without disclosing the case name, the names of the other third parties at issue, or any other information that could reasonably be used by such customers to identify other assets that could be subject to dissipation.

**IT IS FURTHER ORDERED** that the counsel for Plaintiffs shall attempt to confer with counsel for cryptocurrency exchanges in good faith to reach agreement on the redacted version of the Asset Freeze Order the exchange wishes to share.

DATED: November 5, 2026

BY THE COURT:

____________________________________
S. Kato Crews
United States District Judge